865 F.2d 269
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Steven H. CATCHINGS, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 88-3273.
 United States Court of Appeals, Federal Circuit.
 Dec. 20, 1988.
 
 Before RICH, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. SF07528810155, sustaining the removal of Steven H. Catchings from his position with the Department of the Navy for absence without leave and for failure to comply with established call-in procedures is affirmed.
 
 OPINION
 
 2
 Asserting that he received harsher treatment than one similarly charged fellow employee, Catchings asks us to hold that a 30-day suspension is the maximum reasonable penalty in his case. We decline to do so.
 
 
 3
 "Determination of the appropriate penalty is a matter committed primarily and largely to the discretion of the employing agency. Only in the exceptional case, in which the penalty exceeds that permitted by statute or regulations or is so harsh that it amounts to an abuse of discretion, may its imposition be overturned." Schapansky v. Department of Transportation, FAA, 735 F.2d 477, 484 (Fed.Cir.1984) (citation omitted). In addition, it is well settled that:
 
 
 4
 [A] penalty that is within the authority of the agency is "not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases," since "mere unevenness in the application of the sanction does not render its application in a particular case 'unwarranted in law.' "
 
 
 5
 Jones v. United States, 617 F.2d 233, 238 (Ct.Cl.1980) (quoting Butz v. Glover Livestock Commission Co., 411 U.S. 182, 187, 188 (1973)). See also, Schapansky, 735 F.2d at 485 ("[u]nevenness in application of a penalty is not a ground for invalidating it").
 
 
 6
 After reviewing the relevant circumstances, the Board concluded that "the agency properly exercised its managerial discretion, and that the penalty of removal is not unreasonable." It also considered the penalties imposed on fifteen other agency employees, including the employee Catchings compares himself to on appeal, and concluded that the penalty for AWOL was not disparate. The Board's decision is supported by substantial evidence and is neither arbitrary, capricious, nor otherwise not in accordance with law.